RICHARD HOYLE *v.* THE STATE.

1. ACCOMPLICE TESTIMONY AT COMMON LAW.— A conviction on uncorroborated testimony of an accomplice was legal at common law, though the practice of the judges was to advise juries against convictions on such evidence. There was no settled practice, however, in regard to the character of the corroboration requisite to justify a conviction in such cases.

2. ACCOMPLICE TESTIMONY UNDER THE TEXAS CODE. — Article 653 of the Code of Criminal Procedure (Pasc. Dig., art. 3118) amends the common law in these respects, by prohibiting a conviction on uncorroborated testimony of an accomplice, and by requiring that the corroborating evidence shall tend to connect the accused with the commission of the offense.

3. SAME. — The corroborating evidence must, of itself and independent of the accomplice testimony, tend in some degree to connect the accused with the commission of the offense; but it need not suffice for that purpose.

4. SAME — CHARGE OF THE COURT. — The provisions of the Code upon this subject constitute the law necessary to be given in charge to the jury. It is not necessary to further instruct them that the accomplice testimony must be corroborated in "some material matter," etc.

5. EVIDENCE. — Note in the opinion corroborating evidence held insufficient, because, independent of the accomplice testimony, it does not tend to connect the accused with the commission of the offense.

APPEAL from the County Court of Coryell.    Tried below before the Hon. S. B. RABY, County Judge.

The information charged the theft of an overcoat worth $3.    Finding the appellant guilty, the jury assessed his punishment at a fine of $10, and ten days' imprisonment in the county jail.

The opinion of this court recapitulates all the material evidence.    The defense, in the court below, reserved exceptions to the charge given, and to the refusal of the court to instruct the jury to acquit unless the accomplice's testimony was corroborated by other evidence "tending in some material matter to connect the defendant directly with the offense."

*E. J. Darden*, for the appellant.    The particular error complained of in the charge is that it did not distinctly instruct the jury that the evidence of an accomplice must be corroborated as to a material matter, and by other testimony showing that the accused was engaged in the transaction which formed the subject-matter of the charge under investigation.    Pasc. Dig., art. 3118; *Coleman* v. *The State*, 44 Texas, 111; *Wright* v. *The State*, 43 Texas, 170.

The appellant assigns as error, also, that the court erred in refusing to give the jury the charge asked by the defendant.    The charge asked by the defendant is as follows: "The defendant, Rich. Hoyle, cannot be convicted upon the testimony of the accomplice, Chester Williams, unless it is corroborated by other evidence tending in some material matter to connect the defendant directly with the offense; and this corroboration is not sufficient if it only shows the commission of the offense.    The testimony of the accomplice, Williams, must be confirmed, not only as to the circumstances of the crime, but by evidence showing that the defendant, Rich. Hoyle, was actually engaged in the transac-

tion or acts constituting the offense charged, to warrant a conviction." This charge should have been given. Pasc. Dig., art. 3118; *Dill* v. *The State*, 1 Texas Ct. App. 287; *Coleman.* v. *The State*, 44 Texas, 111; *Wright* v. *The State*, 43 Texas, 170.

Appellant assigns as error that the court erred in overruling defendant's motion for a new trial. Appellant's motion for a new trial should have been sustained (1) because of the error in the charge of the court; (2) because of the error in refusing to give the charge asked by the appellant; (3) because the evidence of the accomplice, Williams, was not corroborated in a material matter by other testimony connecting the appellant with the offense charged.

The provisions of the Code (Pasc. Dig., art. 3118) are intended to embrace all participants in the offense, whether in a near or remote degree, and not merely "accomplices" in a technical sense. *Irvin* v. *The State*, 1 Texas Ct. App. 301. The appellant, Hoyle, and the witness Williams were jointly charged in the information as principals. Williams, then, falls within the class of witnesses contemplated by the article (3118), whose evidence must be corroborated in a material matter by other testimony tending to connect the defendant with the offense committed. It is doubtful whether the evidence in this case, aside from the testimony of Williams, is even sufficient to prove the commission of the offense; and certainly it cannot be contended that the appellant, Hoyle, is shown to have participated in, or was in any way connected with, the offense, except by the testimony of Williams.

*George McCormick*, Assistant Attorney-General, for the State. The only question presented in this case is the sufficiency of the charge of the court in defining the law applicable to the testimony of accomplices. The charge, taken in connection with the evidence, was amply sufficient.

The corroborating testimony in this case shows the presence of the accused at the place and at the time the theft was committed.    It connects the accused with the witness in the finding of the stolen property along with the property of the accused.    The time, the place, all the circumstances, point with unerring certainty to the guilt of the accused, and he introduced no testimony and made no answer to the charge.

Upon the question as to how far the testimony of an accomplice must be corroborated, see the able opinion in *Davis* v. *The State*, 2 Texas Ct. App. 588, and the authorities therein cited.

ECTOR, P. J.    The appellant, Richard Hoyle, and one Chester Williams were prosecuted by information for the theft of a rubber overcoat, the property of J. D. Trusty.

Trusty testified as follows:   "I lost an India-rubber coat on the 31st day of December, 1877.    I last noticed this coat about sundown of the 31st day of December last, tied to my saddle, where I usually carried it.    I rode about three and one-half or four miles after noticing the coat tied to my saddle.    The next morning, when I missed the coat for the first time, I went with the constable in search of parties I supposed had it.    I found it in Chester Williams' saddlebags.    Hoyle, the defendant, had a pair of pants in the saddle-bags.    We arrested Hoyle and Chester Williams on the prairie, where they were employed herding cattle for one Nevins.    After the arrest we took them back to Nevins' wagon (who was moving), and in the wagon we found the saddle-bags."

Trusty, with a good many other persons, attended a party on the night of December 31, 1877, at the house of T. G. Miller, in Coryell County.    One of these persons, J. M. Diltz, had his girth and saddle-blanket stolen while he was at the party.    When this fact was made known, Miller went

out towards the lot, and while there saw a man on the out-side of the fence, some fifteen or twenty feet from him, whom he took to be the defendant, Richard Hoyle, but could not swear positively it was him. It was a dark night.

The county attorney then called, as a witness, Chester Williams, who was jointly prosecuted with appellant for the theft of the rubber coat, who testified fully to the guilt of the appellant, detailing all the particulars of the transaction. This was done after the court, on the application of the county attorney, had entered a *nolle prosequi* as to him. He testified that " Richard Hoyle and I were at G. Miller's house on the night of the 31st day of December, 1877. I cut the saddle-strap of Diltz's, and took the girth off of his saddle, and took the saddle-blanket from under his saddle. Rich-ard Hoyle brought a rubber coat and handed it to me over the fence; he said he got it off of Jim Trusty's saddle, and told me to put it in my saddle-bags. This was between seven and eight o'clock at night. The next morning Rich-ard, the defendant, and I started with Nevins to Brown County, and were arrested at the head of Coryell Creek, and the coat was found in my saddle-bags, in Nevins' wagon."

Among other instructions given the jury, the court charged them : "An accomplice is not incompetent to tes-tify as a witness, but a conviction cannot be had upon his testimony unless corroborated by other evidence tending to connect the accused with the offense committed ; and if the jury believe from the evidence that the testimony of Chester Williams was not corroborated by other and competent evi-dence, you should acquit."

We will not say that this portion of the charge, taken and construed together, is not the law. If all the latter portion of this instruction after the word "committed " had been omitted, and the instruction had concluded thus, " and the corroboration is not sufficient if it merely shows the commission of the offense," then it would be substan-

tially in the language of article 653 of the Code of Criminal Procedure.

We do not think it is necessary that the court should charge that corroboration must be as to a " material matter." The state of the law as to the corroboration of accomplices, before the adoption of our Code, was somewhat peculiar. At common law it has been repeatedly laid down and held that a conviction on the testimony of an accomplice, uncorroborated, is legal. Roscoe's Cr. Ev., 6th ed., 121, and authorities there cited. But, while the law was thus fully established, it was the practice for judges to advise juries not to convict upon the testimony of the accomplice who was uncorroborated.

In regard to the manner and extent of the corroborations, the practice was not settled. Mr. Greenleaf says:

" But though it is thus the settled practice, in cases of felony, to require other evidence in corroboration of that of an accomplice, yet in regard to the manner and extent of the corroboration to be required, learned judges are not perfectly agreed. Some have deemed it sufficient if the witness is confirmed in any material part of the case; others have required confirmatory evidence as to the *corpus delicti* only; and others have thought it essential there should be confirmatory proof that the prisoner actually participated in the offense." 1 Greenl. on Ev., secs. 381, note 3.

Article 653 of our Code of Criminal Procedure (Pasc. Dig., art. 3118) was intended to settle the extent of the corroboration required, and is as follows:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

If the corroboration *tends to connect the defendant with the commission of the offense*, then it is sufficient; and it

would serve no good purpose, or tend to enlighten the jury, to tell them that the accomplice must be corroborated in his statements in any "material matter." As we construe this provision, the corroborating evidence must of itself, and without the aid of the testimony of the accomplice, tend in some degree to connect the defendant with the commission of the offense. It need not, as a matter of course, be sufficient to establish his guilt; for in that event the testimony of the accomplice would not be needed. The purpose of the statute was to prohibit a conviction unless there was some evidence, entirely outside of that of the accomplice, which of itself, and without the aid of the accomplice, tends at least to connect the defendant with the offense committed.

Laying the testimony of the accomplice entirely out of view, what evidence in this case is there tending to connect the defendant with the commission of the offense? The facts that Williams and the appellant were at the party at Miller's house, and that the breeches of appellant were found, with the lost coat, in Williams' saddle-bags, do not tend, we think, to connect the appellant with the commission of the offense. The court erred in refusing defendant's motion for a new trial. The evidence in this cause, leaving out Williams' own testimony, makes, in our opinion, decidedly a stronger case against him than it does against the appellant.

Believing that there is in fact a total absence of such corroborating evidence as the statute requires to authorize a conviction on the testimony of an accomplice, the judgment is reversed and the cause remanded.

*Reversed and remanded.*